BENJAMIN S. CRAWFORD *versus* SAMUEL HOWARD.

Where the judgment of a Court of limited and special jurisdiction is sought to be enforced, its organization is open to inquiry, and its jurisdiction must be established by the party seeking to enforce the judgment.

Thus where one, who was a captain in the militia, was deposed by the sentence of a court martial, and afterwards was prosecuted by the ensign for not-performing military duty, he has a right to inquire into the legality of the proceedings of the court martial.

Where, upon a writ of error, it does not appear, but that the original action might have been maintained, though there is error in the proceedings, the judgment must be reversed, but a new trial will be ordered.

THIS was a writ of error brought to reverse a judgment of the Police Court of Bangor, in a suit commenced by Howard, as ensign and commanding officer of a company, in which Crawford was alleged to be liable to do militia duty, to recover a fine for his non-appearance at a May inspection of 1842. At the time of the inspection, there was a clerk of the company, but on the 23d day of said May, he resigned his office.

The plaintiff in error was formerly the captain of this company, and had, prior to this inspection, been reduced to the ranks by sentence of a court martial. Many errors were assigned, but it is only necessary to state the second, viz:—That said Police Court decided "that said defendant could not inquire into the legality of the organization and proceedings of a court martial.

*D. T. Jewett,* for plaintiff in error.

As to the second error assigned. Courts martial are of limited jurisdiction. Nothing is presumed in their favor. Whoever justifies under their doings, must show, from their records, every fact necessary to their legal organization, and to their jurisdiction. 11 Pick. 441 and 445; 7 Pick. 149; 13 Maine, 269; 19 Johns. 7; 1 Fairf. 24.

*Prentiss,* for defendant.

If Crawford were at liberty to show that proceedings before the court martial were wrong, he failed to do so. He offered no evidence.

*The statute of* 1837, *sect.* 10, enacts, that "a copy of the record of any court martial, certified by the president of said Court, together with a duly authenticated copy of the order convening said Court, shall be *conclusive* and *sufficient* evidence to sustain in any Court, any action commenced for the recovery of *any fine* and costs, and agreeably to the provisions of an act to which this is additional.

In *Rawson* v. *Brown,* 18 Maine, 216, it has been decided that the copy of the record and of the order are *conclusive.* These two papers in due form were introduced here.

But we do not need the aid of this statute. A court martial is the *supreme military court,* and when it inflicts only *military punishments* its decrees are final and not liable to review. The original militia law of 1834, sect. 38 and 39, shows this. The law makes the sentence supreme in all cases, except where a civil action is brought, to recover the fine imposed by the court martial, and there it is necessary to show that the same has been awarded in the manner provided in the act. But the *military effect* of the sentence reducing a man to the ranks has never been questioned. Crawford might as well apply to this Court to replace him in the office of captain.

The copy of the record introduced in this case was in the usual form.

WELLS, J. — The second error assigned is, that the Judge of the Police Court for the city of Bangor, before whom the action against the plaintiff in error was tried, decided "that said defendant could not inquire into the legality of the organization and proceedings of a court martial purporting to have been held upon Benjamin S. Crawford, the defendant, as captain of said company."

It appears very clearly from the authorities cited, that where

one seeks to enforce the judgment of a court of limited and special jurisdiction, its organization is open to inquiry, and its jurisdiction must be established.

The error assigned is admitted by the plea, and requires a reversal of the judgment.

It was decided in *Nickerson* v. *Howard,* 25 Maine, 394, that a private could not be excused from the performance of military duty, if the proceedings of a court martial, removing the captain of the company to which he belonged, were illegal and void.

The plaintiff in the present action was the captain and the party, over whom the court martial assumed to exercise jurisdiction. If the court had no jurisdiction over him, through the want of a proper organization, he could not be so far affected by its decree, as to be compelled to pay a fine for not doing duty under the ensign of the company. His commission is evidence of his right to command, and the defendant must show, that he has been lawfully deprived of his authority under it.

The tenth section of the act of March 28, 1837, c. 276, relates to actions brought to recover fines and costs imposed by courts martial, and not to those commenced to recover fines for non-attendance at a company training.

It is not the province of the Court, to extend this section of the statute to cases, to which by its terms, it does not apply.

We are unable to determine from what is exhibited to us whether the court martial was or was not properly organized.

It may be that the defendant in error will be able to show, that the action is maintainable.

If it had been made fully to appear, that there were objections to the action which could not be removed, then the judgment would have been reversed without further proceedings, but in the case of *How* v. *Merrill,* 5 Greenl. 318, the rule is stated to be, that where the action may be sustained and the decision of the tribunal exercising jurisdiction is erroneous, a new trial will be granted to correct the mistake and give the party aggrieved the benefit of a legal trial.

The defendant in error should have an opportunity to present his case in such manner, if he is able to do it, as will obviate the objections, which are made.

The judgment of the judge of the Police Court is reversed, and a new trial ordered at the bar of this Court.